UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Nos.   14-CIV-62727-BLOOM/Valle
15-CIV-60273-BLOOM/Valle

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 50.154.239.132, and JOHN DOE
subscriber assigned IP address 69.180.106.254,

    Defendant.
_____/

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP
address 50.168.180.201,

    Defendant.
_____/

## ORDER CONSOLIDATING CASES

This matter came before the Court upon a *sua sponte* review of the records. On December 2, 2014, Plaintiff Good Man Productions ("Plaintiff") filed two separate actions against various John Doe Subscribers alleging that Defendants downloaded copies of Plaintiff's movie files without Plaintiff's authorization through the use of BitTorrent, a peer-to-peer file sharing systems. Under Federal Rule of Civil Procedure 42(a), the Court may consolidate actions "involve[ing] a common question of law or fact." *See also* S.D. Fla. I.O.P. 2.15.00

("Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned."). Accordingly, the Court consolidated the two actions, specifically, Case No. 14-CIV-62732-BLOOM/Valle was consolidated into Case No. 14-CIV-62727-BLOOM/Valle. *See Good Man Productions, Inc. v. John Does subscriber assigned IP address 50.154.239.132*, No. 14-cv-62727 (S.D. Fla. Dec. 30, 2014) (Order Consolidating Cases).

Now, two months later, Plaintiff has filed another action, *Good Man Productions, Inc. v. John Does subscriber assigned IP address 50.168.180.201*, No. 15-cv-60273 (S.D. Fla. Feb. 10, 2015) (Complaint), in which the same allegations are made against yet another IP address. Indeed, the two complaints are word-for-word identical.[1] Due to this fact, the Court finds that consolidation of the matters is warranted. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the above-styled cases are **CONSOLIDATED** as follows:

1. The Clerk of the Court is instructed to **CLOSE Case No. 15-CIV-60273-BLOOM/Valle**;

2. All future filings in this case shall be made under **Case No. 14-CIV-62727-**

---

[1] Interestingly, Plaintiff has chosen to file an entirely new action rather than seek to add this additional defendant in the lower-numbered case, which continues to be in the very early stages of litigation. *See Good Man Productions, Inc. v. John Does subscriber assigned IP address 50.154.239.132*, No. 14-cv-62727 (S.D. Fla. Jan. 14, 2015) (Order) (stating that Plaintiff has until April 1, 2015 to serve the defendants pursuant to Fed. R. Civ. P. 4(m)). While the Court does not express opinion on Plaintiff's litigation tactics, it will nonetheless consolidate in the interests of judicial efficiency.

**BLOOM/Valle** only.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 11th day of February, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record