## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| GOOD MAN PRODUCTIONS, INC., | )<br>) |
| Plaintiff, | ) Civil Action Case No. 0:14-cv-62727-BB<br>) |
| v. | )<br>) |
| CORRIE COVELLI, | )<br>) |
| Defendant. | )<br>) |

## JOINT SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(B)(2), Good Man Productions, LLC, ("Plaintiff") and Defendant, Corrie Covelli ("Defendant"), hereby file this proposed Joint Scheduling Report.

I. <u>Appropriate Case Management Track</u>

The parties believe this case should be placed on the "standard track" as described in Local Rule 16.1(a)(2)(A).

II. <u>Mandatory areas of discussion as required by the Fed. R. Civ. P. 26(f)</u>

The parties recommend that discovery be conducted as set out in Fed. R. Civ. P. 26, and Local Rule 26.1, S.D. Fla. L.R.

(A) <u>Detailed Discovery Schedule</u>

The parties have discussed voluntary initial disclosures pursuant to Fed. R. Civ. P. 26. The parties agree to make voluntary initial disclosures in accordance with Fed. R. Civ. P. 26. within 30 days of the Court's issuance of a scheduling order.

In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories,

Defendant's neighbors, and their respective Internet Service Providers.  Plaintiff will also propound interrogatories, requests for admission, and requests for production of documents.

Defendant intends to propound interrogatories, requests for admission, requests for production of documents, and may conduct depositions of individuals identified in Plaintiff's discovery or other witnesses.

Each deposition should last no more than 7 hours.

(B)     Discovery: The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendants.  The parties do not believe that discovery should be conducted in phases.

(C)     Electronically Stored Information: The parties anticipate that their claims or defenses will involve extensive electronically stored information, and that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form

**Plaintiff and Defendant:**

The parties acknowledge that they are required to preserve relevant electronically stored information.  The parties agree that their preservation obligations arise independently in law and equity, and do not require the entry of any order preserving documents and things from destruction or alteration.  This includes the preservation of all of Defendant's laptops, desktops, tablets, iPads, mobile phones, external storage devices, portable hard drives, external hard drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "computer hard drives").

Plaintiff will be requesting complete forensically sound copies of Defendant's computer hard drives. The parties agree that the forensically sound images will be created by a computer professional or Plaintiff's expert and produced in EnCase E01 format.

Defendant agrees that he will not alter his computer hard drives until after a forensically sound image of each computer hard drive has been created by a computer professional and subsequently verified by Plaintiff's expert. This prohibition includes, but is not limited to, deleting any electronically stored information; utilizing such procedures as de-fragmenting computer hard drives, deleting internet cookies, deleting browser history and favorites, running any "disk clean-up" processes; and/or taking any actions inconsistent with Defendant's preservation obligations for electronically stored information or computer hard drives.

Plaintiff will produce to Defendant all applicable PCAPs (packet captures), .torrent files, .mov files, and mp4 files that correlate to the infringed works. These files will be provided to Defendant by DVD or flash drive.

Defendant may seek documents, in their native format, relating to Plaintiff's capture of relevant information used to prosecute their claim, which files may be provided via DVD or USB flash drive; Defendant will confer with Plaintiff regarding any issues in method of production.

(D)     <u>Privilege and Trial-Preparation Materials:</u> The parties do not anticipate any issues regarding claims of privilege or protection of trial-preparation materials other than those that arise in the ordinary course of any litigation. The parties agree that the standard procedures contained in Fed. R. Civ. P. 26(b) will govern any such claims.

(E)     <u>Limitations on Discovery:</u> The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).

(F)     <u>Any Other Orders:</u> The parties do not anticipate the need for the court to issue any other orders pursuant to Fed. R. Civ. P. 26(c), or 16(b) and (c) at this time.

III.    <u>Mandatory Areas Of Discussion As Required By Local Rule 16.1</u>

(A)     <u>The likelihood of settlement</u>

A settlement has not been reached at this time. Should the matter be settled, the parties shall promptly notify the Court of same.

(B)     <u>The likelihood of appearance of additional parties:</u>

The parties do not believe that additional parties will be added to this action.

(C)     <u>Proposed limits on the time:</u>

**(i)** To Join Other Parties And To Amend The Pleadings: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **July 24, 2015**, with the caveat that pleadings can be amended as necessary to be consistent with facts uncovered through discovery.

**(ii)** To File Motions: **November 13, 2015**.

**(iii)** To Complete Discovery: The parties believe that all discovery proceedings can be completed by **February 18, 2016**.

(D)     <u>Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses and the number and timing of motions for summary judgment or partial summary judgment</u>

The parties shall meet or confer prior to the date of the Court-ordered Pretrial Conference to agree on all facts and issues that will simplify the matters to be considered by the Court. The parties anticipate that they will be able to stipulate to the authenticity of relevant documents and

4

communications, and to those undisputed facts relevant to the issues involved herein. Avoidance of frivolous claims or defenses will be handled in the same manner as Rule 11 of the Federal Rules of Civil Procedure so proscribes.

(E)     <u>The necessity or desirability of amendments to the pleadings</u>

It is possible that the pleadings may be amended. If the parties chose to do so, they will file all motions to amend the pleadings by **July 24, 2015**, with the caveat that pleadings can be amended as necessary to be consistent with facts uncovered through discovery.

(F)     <u>The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on the admissibility of evidence</u>

The Parties agree to attempt to stipulate concerning the authenticity and admissibility of documentary evidence to be offered at trial. The parties also agree to attempt to stipulate concerning those undisputed facts relevant to the issues involved herein. The parties shall utilize the required joint pretrial stipulation for this purpose. Neither party believes that there is a need for advance rulings on the admissibility of evidence in the present matter.

(G)     <u>Suggestions for the avoidance of unnecessary proof and of cumulative evidence</u>

The parties will continue to endeavor to litigate this case efficiently. The Parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

(H)     <u>Suggestions on the advisability of referring matters to the Magistrate Judge or Master</u>

The parties consent to the Magistrate's jurisdiction for all non-dispositive matters.

(I)     <u>A preliminary estimate of the time required for trial</u>

The parties believe that a three (3) day trial is probably appropriate given the facts herein.

5

  (J)  <u>Requested date or dates for mediation cut-off and trial</u>

    (i)  Mediation Cut-off: **March 15, 2016.**

    (ii)  Trial: **May 2016.**

<u>Any other information that might be helpful to the Court in setting the case for status or pretrial conference</u>

Jury trial has been demanded by Plaintiffs.

## CONSENT OF COUNSEL FOR DEFENDANTS

Pursuant to Rule 3J (3) of the Administrative Procedures of the United States District Court for the Southern District of Florida, the undersigned counsel for Plaintiff represents to the Court that Defendant, Corrie Covelli (*pro se*), has authorized him to affix their electronic signature to this Joint Scheduling Report.

Dated: May 27, 2015

APPROVED BY:

| | |
|---|---|
| By: */s/ M. Keith Lipscomb*<br>M. Keith Lipscomb, Esq.<br>By: */s/ Jason H. Cooper*<br>Jason H. Cooper, Esq.<br>Lipscomb, Eisenberg & Baker, PL<br>2 S. Biscayne Tower, PH 3800<br>Miami, FL 33132<br>Tel: (786) 431-2228<br>Fax: (786) 431-2229<br>Email: klipscomb@lebfirm.com<br>*Attorney for the Plaintiff* | By: */s/ Corrie Covelli*<br>Corrie Covelli<br>1420 SW 27th Terrace<br>Ft. Lauderdale, FL 33312<br>Tel: (954) 868-5677<br>*Defendant, Pro-Se* |